UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NEAL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AUDIO VISUAL INNOVATIONS, INC.;<br>and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-CV-296-H-WVG<br><br>**ORDER ON JOINT MOTION TO AMEND SCHEDULING ORDER** |

On December 21, 2020, the Parties filed a Joint Motion to Amend Scheduling Order ("Joint Motion" or "Motion"). (Doc. No. 28.) The Parties move the Court to continue the December 31, 2020 fact discovery cut-off as set forth in the Court's April 15, 2020 Scheduling Order (Doc. No. 12) to allow Plaintiff sufficient time to depose Defendant's Rule 30(b)(6) witness(es). Having considered the basis of the Parties' request, the Court GRANTS the Joint Motion and explains below.

At all times, Rule 16(b) of the Federal Rules of Civil Procedure requires a movant to establish good cause upon seeking modification of the scheduling order. Fed. R. Civ. P. 16(b). This good cause standard is primarily informed by the movant's diligence in attempting to fully comply with the deadlines set by the Court. *Matrix Motor Co. v. Toyota*

*Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Failure to make the requisite showing terminates the Court's inquiry into whether it is appropriate to grant the movant's requested relief from the operative scheduling order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

As a threshold matter, the Parties have neglected to set forth in their Joint Motion the specific information needed to convince the Court that they have diligently engaged in discovery. This information includes, but is not limited to, when and to what extent written discovery was exchanged and responded to; what document productions have been made and/or remain outstanding; and whether subpoenas for information, witnesses, and/or documents have been served and, if so, the extent of the subpoena recipients' compliance to date. For purposes of this Order, however, the Court presumes the Parties' only need for fact discovery that remains unfulfilled is Plaintiff's deposition of Defendant's Rule 30(b)(6) witness, given the Parties' silence on their other fact discovery efforts[1]. Even so, the Joint Motion leaves two important matters unsaid, namely (1) why Plaintiff's counsel waited to notice Defendant's Rule 30(b)(6) witness' deposition just one month shy of the fact discovery-cut off, given the voluminous topics listed in Plaintiff's deposition notice and, consequently, (2) why the pending Joint Motion was brought just two weeks prior to the fact discovery cut-off. The Joint Motion cut dangerously close to constituting an eleventh-hour request for relief, which is not well taken by the Court.

Nevertheless, the Court finds that good cause exists to grant a 30-day continuance of the December 31, 2020 fact discovery cut-off in light of Defendant's unavailability to appear for deposition for the date Plaintiff unilaterally noticed and Defendant's need to designate multiple witnesses to respond to the 25 topics on which Plaintiff seeks to depose Defendant. Accordingly, the fact discovery cut-off is CONTINUED to January

---

[1] For this reason, no future requests for continuances of the fact discovery cut-off will be entertained.

31, 2021 for the exclusive purpose of allowing Plaintiff to depose all relevant Rule 30(b)(6) witnesses as designated by Defendant. The Court takes seriously the Parties' representation that no other dates in the operative Scheduling Order will be affected by this continuance. Therefore, no other continuances of any dates in the Scheduling Order will be granted absent an unequivocal showing of good cause.

**IT IS SO ORDERED.**

Dated: December 23, 2020

Hon. William V. Gallo
United States Magistrate Judge